UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
FRANCISCO JAVIER RIQUELME ARANCIBIA,   :
   :
              Plaintiff,   :      **No. 26 Civ. 6403**
   :
       -against-   :      **COMPLAINT**
   :
BARGAIN PLUMBING INC. d/b/a BARGAIN   :
PLUMBING AND HEATING, BARGAIN   :      **JURY TRIAL DEMANDED**
PLUMBING AND HEATING LLC, BARGAIN   :
SERVICES INC., BARGAIN TRADE SERVICES   :
INC., KUSHTRIM SHALA, SHPAT SHALA, and   :
EDGAR MENDOZA,   :
   :
          Defendants.   :
------------------------------------------------------------------- X

Plaintiff Francisco Javier Riquelme Arancibia ("Plaintiff" or "Riquelme"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Bargain Plumbing Inc. d/b/a Bargain Plumbing and Heating, Bargain Plumbing and Heating LLC, Bargain Services Inc., Bargain Trade Services Inc. (together, "Bargain Plumbing" or the "Corporate Defendants"), and Kushtrim Shala, Shpat Shala, and Edgar Mendoza (together, "Individual Defendants") (collectively, "Defendants"), alleges:

### NATURE OF THE ACTION

1. While employed as an assistant plumber at Bargain Plumbing, Riquelme regularly worked more than forty hours per workweek but was paid at the same hourly wage rate for all hours worked, including those over forty. In addition to denying Riquelme his overtime wages due, Defendants also failed to furnish Riquelme with a wage notice at the time of hiring and compliant wage statements at the end of each pay period. Finally, Defendants have not paid Riquelme for his last week of work.

2. Riquelme brings this action to recover unpaid minimum and overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and

attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because Defendants' principal place of business is within this District and they conduct business within this District.

## THE PARTIES

**Plaintiff Francisco Javier Riquelme Arancibia**

5.     Riquelme resides in Albany, New York.

6.     Riquelme worked for Bargain Plumbing as an assistant plumber from approximately July 7, 2025, through May 1, 2026.

**Defendant Bargain Plumbing Inc.**

7.     Defendant Bargain Plumbing Inc. is a New York corporation with a principal office address located at 2366 Adam Clayton Powell Jr Blvd, New York, New York 10030, where it also does business as Bargain Plumbing and Heating.

8.     Bargain Plumbing has another office located at 779 River St, Troy, New York 12180.

9.     Bargain Plumbing Inc. provides plumbing and heating services throughout the New York metropolitan area and upstate New York, including Troy, Saratoga, Albany, Schenectady.

10.    Bargain Plumbing Inc. is an "enterprise engaged in commerce" within the meaning of the FLSA.

11.    Bargain Plumbing Inc. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

12.    In each of the three years preceding the filing of this Complaint, Bargain Plumbing Inc.'s annual gross volume of sales, individually and collectively with Bargain Plumbing and Heating LLC, Bargain Services Inc., and Bargain Trade Services Inc., exceeded $500,000.

**Defendant Bargain Plumbing and Heating LLC**

13.    Defendant Bargain Plumbing and Heating LLC is a New York corporation with a principal office address located at 2366 Adam Clayton Powell Jr Blvd, New York, New York 10030.

14.    Bargain Plumbing and Heating LLC has another office located at 779 River St, Troy, New York 12180.

15.    Bargain Plumbing and Heating LLC provides plumbing and heating services throughout the New York metropolitan area and upstate New York, including Troy, Saratoga, Albany, Schenectady.

16.    Bargain Plumbing and Heating LLC is an "enterprise engaged in commerce" within the meaning of the FLSA.

17.    Bargain Plumbing and Heating LLC has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

3

18. In each of the three years preceding the filing of this Complaint, Bargain Plumbing and Heating LLC's annual gross volume of sales, individually and collectively with Bargain Plumbing Inc, Bargain Services Inc., and Bargain Trade Services Inc., exceeded $500,000.

**Defendant Bargain Services Inc.**

19. Defendant Bargain Services Inc. is a New York corporation with a service of process address at 127 Brewster Avenue, Yonkers, New York 10701.

20. Bargain Services Inc. provides plumbing and heating services throughout the New York metropolitan area and upstate New York, including Troy, Saratoga, Albany, Schenectady.

21. Bargain Services Inc. is an "enterprise engaged in commerce" within the meaning of the FLSA.

22. Bargain Services Inc. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

23. In each of the three years preceding the filing of this Complaint, Bargain Services Inc.'s annual gross volume of sales, individually and collectively with Bargain Plumbing Inc., Bargain Plumbing and Heating LLC, and Bargain Trade Services Inc., exceeded $500,000.

**Defendant Bargain Trade Services Inc.**

24. Defendant Bargain Trade Services Inc. is a New York corporation with a service of process address at 4345 Webster Ave, Apt. 1H, Bronx, New York 10470.

25. Bargain Trade Services Inc. provides plumbing and heating services throughout the New York metropolitan area and upstate New York, including Troy,

4

Saratoga, Albany, and Schenectady.

26. Bargain Trade Services Inc. is an "enterprise engaged in commerce" within the meaning of the FLSA.

27. Bargain Trade Services Inc. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

28. In each of the three years preceding the filing of this Complaint, Bargain Trade Services Inc.'s annual gross volume of sales, individually and collectively with Bargain Plumbing Inc., Bargain Plumbing and Heating LLC, and Bargain Services Inc., exceeded $500,000.

**Defendants Bargain Plumbing Inc., Bargain Plumbing and Heating LLC, Bargain Services Inc., and Bargain Trade Services Inc.**

29. The Corporate Defendants have had unified operations and done business as "Bargain Plumbing and Heating."

30. The Corporate Defendants have used the same workers to perform plumbing and heating work at the same worksites throughout New York.

31. The Corporate Defendants have worked with and served the same clients on the same worksites using the same workers.

32. The Corporate Defendants have used the same social media accounts and offices in New York City and Troy, New York. *See* https://www.instagram.com/bargainplumbingheating/; https://www.facebook.com/people/Bargainplumbingheating/61576128314820/ (last visited July 27, 2026)

33. Riquelme worked for and received his wage payments from the Corporate Defendants for work performed on the same worksites, with checks and electronic

payments from Bargain Services Inc. and checks from Bargain Trade Services Inc.

**Defendant Kushtrim Shala**

34.    Defendant Kushtrim Shala is the Chief Executive Officer of Bargain Plumbing Inc., Bargain Plumbing and Heating LLC.

35.    Defendant Kushtrim Shala is listed as a "Master Plumber" on Bargain Plumbing's website.  *See* https://bargainplumbingheating.com/about-us/ (last visited July 21, 2026)

36.    Throughout Riquelme's employment, Kushtrim Shala was regularly involved in the operations of Bargain Plumbing.  For example, he regularly visited Riquelme's worksites and visited the Troy office on Tuesdays.

37.    Kushtrim Shala, together with the other Individual Defendants, authorized the hiring and firing of Bargain Plumbing employees. For example, Riquelme was interviewed and hired by Edgar Mendoza, a supervisor at Bargain Plumbing.

38.    Kushtrim Shala, together with the other Individual Defendants, determined the wage rates of Bargain Plumbing employees, including Riquelme's wage rates.

39.    Kushtrim Shala, together with the other Individual Defendants, chose to pay Riquelme at the same hourly wage rate for all hours worked, including for hours worked over forty per workweek.

40.    Kushtrim Shala signed Riquelme's checks when Riquelme was paid by Bargain Services Inc., and Riquelme personally saw Kushtrim Shala sign the checks at least on two occasions while Shala was visiting the Troy office.

6



41.     Kushtrim Shala, together with the other Individual Defendants, chose not to issue Riquelme wage notices and wage statements, in violation of NYLL §§ 195(1) and 195(3), as part of a greater scheme to avoid furnishing him with records establishing that Defendants did not pay him overtime wages due.

42.     Kushtrim Shala, together with the other Individual Defendants, required Riquelme to work more than forty hours per workweek.

43.     Kushtrim Shala exercised sufficient control over the operations of Bargain Plumbing to be considered Riquelme's employer under the FLSA and NYLL.

**Defendant Shpat Shala**

44.     Defendant Shpat Shala is the Chief Executive Officer of Bargain Services Inc. and is listed as a "Plumber" on Bargain Plumbing's website. *See* https://bargainplumbingheating.com/about-us/ (last visited July 21, 2026)

45.     Throughout Riquelme's employment, Shpat Shala was regularly involved in the operations of Bargain Plumbing.

46.     Shpat Shala, together with the other Individual Defendants, determined the wage rates of Riquelme.

47.     Shpat Shala, together with the other Individual Defendants, chose to pay Riquelme at the same hourly wage rate for all hours worked, including for hours worked

7

over forty per workweek.

48.     Shpat Shala, together with the other Individual Defendants, chose not to issue Riquelme wage notices and wage statements, in violation of NYLL §§ 195(1) and 195(3), as part of a greater scheme to avoid furnishing him with records establishing that Defendants did not pay him overtime wages due.

49.     Shpat Shala, together with the other Individual Defendants, required Riquelme to work more than forty hours per workweek.

50.     Kushtrim Shala exercised sufficient control over the operations of Bargain Plumbing to be considered Riquelme's employer under the FLSA and NYLL.

**Defendant Edgar Mendoza**

51.     Defendant Edgar Mendoza is the Chief Executive Officer of Bargain Trade Services Inc., and a supervisor at Bargain Plumbing.

52.     Throughout Riquelme's employment, Mendoza was regularly involved in the operations of Bargain Plumbing. Mendoza directed the duties of Riquelme on a daily basis and acted as Riquelme's supervisor.

53.     Mendoza, together with the other Individual Defendants, authorized the hiring and firing of Bargain Plumbing employees. For example, Riquelme was interviewed and hired by Mendoza.

54.     Mendoza, together with the other Individual Defendants, determined the wage rates of Bargain Plumbing employees, including Riquelme's wage rates.

55.     Mendoza, together with the other Individual Defendants, chose to pay Riquelme at the same hourly wage rate for all hours worked, including for hours worked over forty per workweek.

56.     Mendoza chose not to issue Riquelme and other Plumbing Workers wage notices and wage statements, in violation of NYLL §§ 195(1) and 195(3), as part of a

greater scheme to avoid furnishing them with records establishing that Defendants did not pay them overtime wages due.

57.    Mendoza, together with the other Individual Defendants, required Riquelme to work more than forty hours per workweek.

58.    Mendoza exercised sufficient control over the operations of Bargain Plumbing to be considered Riquelme's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

59.    Throughout his employment at Bargain Plumbing, Riquelme performed plumbing, heating work, demolition, construction, and electricity work at various locations throughout the New York metropolitan area and upstate New York, including Troy, Saratoga, Albany, and Schenectady.

60.    Throughout his employment at Bargain Plumbing, Riquelme typically worked six to seven days per week for approximately twelve hours per day, averaging approximately seventy-two to eighty-four hours per workweek.

61.    From approximately July 7, 2025 through sometime in October 2025, Defendants paid Riquelme at an hourly rate of $17 per hour for all hours worked, including for hours worked over forty per workweek.  During this period, Defendants paid Riquelme in cash.

62.    Beginning in approximately late-October 2025 or early-November 2025, Defendants paid Riquelme $18 per hour for all hours worked, including for hours worked over forty per workweek.

63.    For example, for the workweek of November 3 through November 9, 2025, Defendants paid Riquelme $1,332.36, equal to $18 per hour for 74.02 hours worked, including the 34.02 hours worked in excess of forty per workweek.

64.    Beginning in approximately mid-April 2026 through the end of his

9

employment, Defendants paid Riquelme $19 per hour for all hours worked, including for hours worked over forty per workweek.

65.    Defendants did not pay Riquelme for his last week of work.

66.    Defendants paid Riquelme's wages using cash, checks and electronic payments issued by Bargain Services Inc. from approximately October 2025 through early April 2026, and using checks issued by Bargain Trade Services Inc. from approximately mid-April 2026 through the end of his employment.

67.    Defendants' checks and electronic payments failed to reflect Riquelme's hours worked per workweek and the overtime wage rates due, and instead reflected only his total hours worked and the total amount paid at his straight-time hourly rate.

68.    Defendants failed to furnish Riquelme with wage statements with each payment of his wages throughout his employment.

69.    Defendants failed to furnish Riquelme with a wage notice at the time of his hiring or when his rate of pay changed.

70.    Had Defendants complied with the WTPA by issuing compliant wage notices and wage statements to Plaintiff, Plaintiff would have used the wage notices and statements to advocate to rectify Defendants' unlawful wage payment practices.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages)

71.    Riquelme repeats and incorporates all foregoing paragraphs by reference.

72.    Defendants are employers within the meaning of the FLSA and supporting Department of Labor ("DOL") regulations and employed Plaintiff.

73.    The FLSA and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

74.    Defendants failed to pay Riquelme minimum wages for his last week of

10

work to which he was entitled to under the FLSA.

75.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Riquelme his minimum hourly wage.

76.    As a result of Defendants' violations of the FLSA, Riquelme is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

### SECOND CLAIM
### (NYLL – Unpaid Minimum Wages)

77.    Riquelme repeats and incorporates all foregoing paragraphs by reference.

78.    Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652 and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

79.    The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

80.    Defendants failed to pay Riquelme minimum wages for his last week of work to which he was entitled to under the NYLL.

81.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Riquelme his minimum hourly wage.

82.    As a result of Defendants' violations of the NYLL, Riquelme is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

### THIRD CLAIM
### (FLSA – Unpaid Overtime)

83.    Riquelme repeats and incorporates all foregoing paragraphs by reference.

84.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Riquelme overtime wages at the rate of one and one-half their

11

regular hourly wage rates per hour worked in excess of forty per workweek.

85.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Riquelme.

86.    Defendants have not made a good faith effort to comply with the FLSA with respect to Riquelme's compensation.

87.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Riquelme.

88.    Due to Defendants' violations of the FLSA, Riquelme are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime)

89.    Riquelme repeats and incorporates all foregoing paragraphs by reference.

90.    Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendants were required to pay Riquelme one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

91.    Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Riquelme.

92.    Defendants failed to pay Riquelme overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked in excess of forty per workweek.

93.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Riquelme overtime wages.

94.     Due to Defendants' willful violations of the NYLL, Riquelme is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**FIFTH CLAIM**
**(NYLL – Failure to Provide Accurate Wage Statements)**

95.     Riquelme repeats and incorporates all foregoing paragraphs by reference.

96.     The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

97.     Defendants' failure to comply with NYLL § 195(3) goes beyond technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Riquelme 's minimum and overtime wages due.

98.     As part of their general practice and policy, Defendants paid Riquelme with checks and electronic payments that did not reflect their hours worked per workweek and regular and overtime wage rates due, thereby preventing Riquelme from knowing whether he received all pay at the correct wage rates due for all hours worked per workweek. Defendants did this on purpose to conceal from Riquelme that he was supposed to receive one and one-half times his regular hourly wage rate per hour worked over forty per workweek. Had Defendants complied with the requirements of NYLL § 195(3), Riquelme would have known that he was supposed to receive, and would have received, one and one-half times his regular rate per overtime hour worked.

99.     By concealing this information, Defendants avoided paying Riquelme his overtime wages due per workweek as alleged in this Complaint.

100.     As a result of Defendants' violations of NYLL § 195(3), Riquelme is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

13

## SIXTH CLAIM
### (NYLL – Failure to Provide Accurate Wage Notices)

101.    Riquelme repeats and incorporates all foregoing paragraphs by reference.

102.    The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

103.    Defendants failed to furnish Riquelme at the time of hiring, and whenever there was a change to his rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of NYLL § 195(1).

104.    Defendants' failure to comply with NYLL § 195(1) goes beyond mere technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Riquelme his minimum and overtime wages due.

105.    As part of their general practice and policy, Defendants did not provide Riquelme with any notice whatsoever, let alone the wage notice required under NYLL § 195(1), upon hire or when his pay rates changed. Defendants did this to conceal from Riquelme the regular and overtime rates he should have received. Had Riquelme received this information, he would have known that they had to receive pay of one and one-half times their regular wage rate for hours worked over forty per workweek, which would have allowed him to complain about Defendants' wage payment failures alleged

14

here.

106.    By concealing this information, Defendants avoided informing Riquelme of his legal rights and thereby avoided paying him minimum and their overtime wages due per workweek as alleged in this Complaint.

107.    As a result of Defendants' violations of NYLL § 195(1), Riquelme is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

### PRAYER FOR RELIEF

WHEREFORE, Riquelme respectfully requests that this Court:

a.    declare that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b.    declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

c.    declare that Defendants' violations of the FLSA and NYLL were willful;

d.    award Riquelme unpaid minimum and overtime wages;

g.    award Riquelme statutory damages as a result of Defendants' failure to furnish him with wage notices upon hiring and accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

h.    award Riquelme liquidated damages pursuant to the FLSA and the NYLL;

i.    award Riquelme pre- and post-judgment interest under the NYLL;

j.    award Riquelme reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

k.    award such other and further relief as the Court deems just and

15

proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Riquelme demands a trial by jury in this action.

Dated:  New York, New York
        July 28, 2026

PECHMAN LAW GROUP PLLC

By: _____

Louis Pechman
Miguel Tapia Colin
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
tapiacolin@pechmanlaw.com

*Attorneys for Plaintiff*

16